## EBENEZER HASKELL *vs.* ALLEN HASKELL.

The plaintiff in a bill of discovery set forth that he was the holder of a promissory note signed by the defendant and secured by mortgage; that, for the purpose of enabling the defendant to obtain a loan of money on a first mortgage of the same estate, the plaintiff, at the request of the defendant, and with the understanding and upon the promise of the defendant that he should be paid from the funds so procured, executed a release of the mortgage; that the plaintiff afterwards brought an action on the note, in defence of which the defendant specified payment, and had repeatedly stated that his intention was to use the discharge of the mortgage as evidence of such payment; that the plaintiff had no means of proving these facts, and was advised that he could not safely proceed to trial, without a discovery: On demurrer to the bill, it was held, that the plaintiff was entitled to the discovery prayed for, within the rule of the English courts of equity relative to discovery.

THIS was a bill of discovery, in which the plaintiff alleged, that on the 20th of September, 1847, he held two notes against the defendant, amounting to about the sum of $1295, dated April 2d, 1838, and which were given in part payment of a farm sold by the plaintiff to the defendant; that certain payments had been made on the notes within six years from the commencement of the action after mentioned, and had been indorsed thereon; that for the purpose of collecting the amount due on the notes, the plaintiff commenced an action at law in the court of common pleas, which was still pending; that the defendant appeared therein and gave notice, that in his defence he should rely upon proof of payment, accord and satisfaction, and the statute of limitations; that upon being required by the court to give a more specific statement of his defence, the defendant stated, that the notes in suit were paid, and payment acknowledged, and that at the time of payment, the plaintiff was indebted to the defendant to the amount of the notes, which amount was

applied in payment and discharge of the same, and was the consideration of the acknowledgment of payment; that, at the time of the giving of the notes, the defendant executed a mortgage of the farm for which the notes were given, to secure the payment thereof; that on the 8th of September, 1847, the defendant proposed to procure a loan from the Massachusetts Hospital Life Insurance Company, and pay off the plaintiff's mortgage; that, to obtain this loan, it was thought to be necessary for the plaintiff to discharge the mortgage, in order that the company might have the first mortgage on the farm; that the plaintiff, solely for the purpose of procuring his debt, at the request of the defendant, and with the understanding that he was to be paid from the funds so procured, discharged the mortgage. by a written instrument, (which was set out at length in the bill); and that the defendant was thereby enabled to procure a certificate from the register that the farm was unincumbered.

The plaintiff charged, further, that he had reason to believe, that the defendant intended to use the discharge above mentioned as evidence of the payment of the notes, or that the plaintiff was indebted to him to the amount thereof; that the defendant had repeatedly stated that such was his intention, whereas no part of the notes was then or had been since paid, but that the defendant promised to pay the same from the avails of the loan; that the plaintiff was not and had not been indebted to the defendant; that there never had been an accord and satisfaction of the notes, and, in respect to the statute of limitations, that the payments indorsed on the notes within the six years were made by the defendant at the times of the respective indorsements; and that the plaintiff had no means of proving the facts and circumstances stated in the bill, and was advised that he could not safely proceed to trial without a discovery.

The bill concluded with a general interrogatory, and special interrogatories, as to the matters therein set forth, and a prayer that the defendant might be summoned to appear and answer.

The defendant demurred.

*C. R. Bennett,* (with whom was *H. W. Bishop,*) for the defendant.

*J. D. Colt,* for the plaintiff.

DEWEY, J. The ground of the demurrer to this bill is, that the matter sought to be disclosed appertains to the title of the defendant, and not to that of the plaintiff. The application of the rule, thus restricting a bill of discovery, is attended with some difficulty, and the decisions are not entirely reconcilable. The subject is fully discussed in Story's Equity Pleading, § 572; 2 Story's Equity, § 1490; and in Wigram on Discovery, §§ 154 to 173. The rule, as stated by Wigram, is sufficiently broad to justify the present bill. All that appertains to the plaintiff's title is clearly within the legitimate province of a bill of discovery. In looking at this bill, two things are to be remarked: —

1. The proposed discovery, as to payment made by the defendant upon the notes of hand held by the plaintiff, is an inquiry in reference to the title and right set up by the plaintiff. The object of the discovery prayed for is to sustain the notes as valid; it goes directly to sustain the case of the plaintiff, and to support the title through which he seeks to establish a right.

2. The discovery sought as to the release is of a more questionable character; but we apprehend is well authorized. The plaintiff may have a discovery of what appertains to his own title. The case is thus. The plaintiff in a suit at law seeks to recover payment of the defendant of a note of hand. The defendant denies his liability to pay the same, and seeks to defeat a recovery on the note, by means of a discharge alleged to have been executed by the plaintiff. This discharge is a matter directly affecting the title of the plaintiff, and is relied upon as a defeasance. It concerns the plaintiff's case and his title. A discovery in relation to it is a discovery appertaining to the plaintiff's case.

Without impugning the English rule, that the plaintiff is only entitled to a discovery of what appertains to or is

necessary for his own title, and that he has no right to pry into the title of his adversary, we think the plaintiff may maintain this bill.

If it were necessary, however, it might be added, that our whole system of inquiry, as authorized by various statutes in relation to insolvent estates, executors and administrators, the cases of attachments by the trustee process, &c., has led us to adopt a somewhat more extended course of inquiry, which will virtually operate with us as an extension of the right of inquiry; and, if not in the form of a bill of discovery, technically so called, yet, in other forms, the most searching discoveries are authorized. *Adams* v. *Porter*, 1 Cush. 170.

*Demurrrer overruled.*